UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAPAG-LLYOD (AMERICA) LLC,<br>      Plaintiff, | § § § | |
| VS. | § § | Case No. 4:24-CV-2752 |
| AMERICAN CONTIANER LINE, INC.,<br>      Defendant. | § § § § | |

### **DEFENDANT'S NOTICE OF REMOVAL**

American Container Line, Inc. ("ACL") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1333, 1441, and 1446, and Rule 81 of the Local Rules of the Southern District of Texas, and would respectfully show this Court as follows:

### Introduction

1. On May 29, 2024, Plaintiff Hapag-Lloyd (America) LLC ("Plaintiff") filed Cause No. 1228669 in the County Civil Court at Law No. 1 of Harris County, Texas against ACL. A true and correct copy of the Petition is attached hereto. Plaintiff seeks to hold ACL liable for certain detention and demurrage charges pursuant to maritime contracts. Plaintiff's claims also require interpretation of federal maritime law, including the Ocean Shipping Reform Act of 2022. 46 U.S.C. 41104(a)(15).

2. Plaintiff served its Petition on ACL on June 24, 2023. Thus, this removal is timely filed within 30 days of this action being first served on ACL. *See* 28 U.S.C. § 1446.

### Grounds/Basis for Removal

3. This Court has federal question jurisdiction over Plaintiff's breach of contract and quantum meruit claims pursuant to 28 U.S.C. §§ 1331 and 1333. As such, removal is proper pursuant to 28 U.S.C. §§ 1331, 1333, and 1441.

**A.     This Court has Original Jurisdiction Over Admiralty and Maritime Matters.**

4.     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case over which the district courts of the United States have original jurisdiction.

5.     Under the United States Constitution, a federal court has the power to preside over "all [c]ases of admiralty and maritime [j]urisdiction." U.S. Const. Art. III, § 2.  28 U.S.C. § 1333 codifies this power by stating "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, over: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

6.     Federal courts have jurisdiction to make "decisional law for the interpretation of maritime contracts." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004).  In determining whether a contract is maritime, the relevant inquiry is whether the "principal objective of [the] contract is maritime commerce." *Id.* at 25.

7.     The Fifth Circuit has held that, "[t]o be maritime, a contract (1) must be for services to facilitate activity on navigable waters and (2) must provide, or the parties must expect, that a vessel will play a substantial role in the completion of the contract." *Trend Intermodal Chassis Leasing, L.L.C. v. Zariz Transp. Inc.*, No. 24-10105, 2024 WL 3423217, at *2 (5th Cir. July 16, 2024) (quoting *Barrios v. Centaur, L.L.C.*, 942 F.3d 670, 680 (5th Cir. 2019)); *see also In re Larry Doiron, Inc.*, 879 F.3d 568, 576 (5th Cir. 2018) (en banc), *cert. denied*, 584 U.S. 994 (2018). "In general, a contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment is subject to maritime law and the case is one of admiralty jurisdiction, whether the contract is to be performed on land or water." *Earnest v. Palfinger Marine U S A, Inc.*, 90 F.4th 804, 810 (5th Cir. 2024).

8.     Here, the contracts upon which Plaintiff's claims are based, i.e., the Sea Waybill and Bill of Lading, are maritime contracts because they pertain to the commerce and transport of

goods by sea vessel. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004); *A.P. Moller-Maersk A/S, Trading as Maersk Line v. Safewater Lines (1) Pvt, Ltd.*, 276 F. Supp. 3d 700, 710 (S.D. Tex. 2017). Consideration of Plaintiff's claims will require interpretation of such maritime contracts and will necessarily require the application and interpretation of such contracts under federal maritime law, including the Shipping Act of 1984, the Ocean Shipping Reform Act of 2022, and/or the Carriage of Goods by Sea Act. *Ziegler v. Subalipack (M) SDN BHD*, No. CV 16-2598, 2017 WL 2671148, at *5 (S.D. Tex. June 21, 2017); *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, No. CV H-20-1588, 2020 WL 8678020, at *3 (S.D. Tex. July 14, 2020). Accordingly, this Court has original jurisdiction over Plaintiff's claims for breach of maritime contract and for payment of maritime services.

   **B.** **This Court Also Has Federal Question Jurisdiction over Plaintiff's Claims for Detention and Demurrage Charges.**

  9. "A case 'arises under' federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (alteration, quotations omitted).

  10. Here, Plaintiff seeks to hold ACL liable for certain demurrage or detention charges. As such, Plaintiff's right to relief requires interpretation and resolution of a substantial question of federal law, namely, the Ocean Shipping Reform Act of 2022, codified at 46 U.S.C. 41104(a)(15). Therefore, this Court has original federal question jurisdiction over such claims.

### Attached Items

  11. ACL has attached items required by 28 U.S.C. 1446 and Local Rule 81 of the Southern District Local Rules.

**Venue**

12.     Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division. *See* 28 U.S.C. § 124(a). ACL will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

**Prayer for Relief**

13.     American Container Line, Inc. respectfully requests that this matter be removed from the County Civil Court at Law No. 1 of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and that this Court take jurisdiction over this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted,

**NATHAN SOMMERS GIBSON DILLON PC**

By:     */s/ Iain L. C. Kennedy*
           Iain L. C. Kennedy
           Texas Bar. No. 24068094
           Federal ID No. 1066018
           Attorney-in-Charge for American Container Line, Inc.
           1400 Post Oak Boulevard, Suite 300
           Houston, Texas 77056
           713.960.0303 - phone
           713.892.4800 – fax
           ikennedy@nathansommers.com

OF COUNSEL:

Julie Le
Texas Bar No. 24111324
Federal ID No. 3778242
**NATHAN SOMMERS GIBSON DILLON PC**
1400 Post Oak Boulevard, Suite 300
Houston, Texas 77056
713.960.0303 – phone
713.892.4800 – fax
jle@nathansommers.com

## CERTIFICATE OF SERVICE

I certify that Defendant's Notice of Removal was served as shown below on July 24, 2024.

| | |
|---|---|
| David Williams | By E-Mail (dw@lawgoldberg.com) |
| Daniel J. Goldberg | (djg@lawgoldberg.com) |
| The Goldberg Office PLLC | |
| 2507 Calumet Street | |
| Houston, Texas 77004 | |

                                        */s/ Iain L. C. Kennedy*
                                          Iain L. C. Kennedy